UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Shane Edward Casey and
Martin Demetrio Morales,

      Plaintiffs,

      v.                                                                 Civil Action No. 5:12-cv-284

Andrew Pallito, et al.,

      Defendants.

## REPORT AND RECOMMENDATION
(Docs. 5, 6, 10)

Plaintiffs Shane Edward Casey and Martin Demetrio Morales, proceeding *pro se*, bring this action against Defendants Vermont Department of Corrections ("DOC") and various DOC officials, alleging that Defendants have violated their constitutional rights by engaging in "retaliation" for: (1) Plaintiffs' exercise of religious freedoms; (2) Plaintiffs' pursuit of institutional grievance procedures; and (3) Plaintiffs' "filing [of] lawsuits[] and . . . request forms." (Doc. 4 at 3.) The Complaint was filed on January 8, 2013. That same day, the court received an unsigned "Motion to Resolve Undisputed Facts" (Doc. 5), and a "Motion for Summary Judgment" (Doc. 6) signed by both Mr. Casey and Mr. Morales. Also on that date, Mr. Morales filed numerous other documents, described as "exhibits," and a second motion titled "Motion for Summary Judgment." (Docs. 7-10.) Mr. Morales continues to file supplemental documents, requesting that they be submitted "into evidence." (Docs. 13-15.)

Presently under consideration are the pending Motion to Resolve Undisputed Facts (Doc. 5), Plaintiffs' Motion for Summary Judgment (Doc. 6), and Mr. Morales's Motion for Summary Judgment (Doc. 10). For the reasons set forth below, I recommend that the Motions be denied without prejudice, as they are premature.

**I.     The Pending Motions Are Premature.**

The purpose of summary judgment is to allow for disposition of a case, "after adequate time for discovery," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), when the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of a factual dispute. *See Nat'l Bank of N. America v. Quest*, 425 F. Supp. 186, 189 (E.D.N.Y. 1977) (citing *Adickes v. Kress & Co.,* 398 U.S. 144, 157 (1970)).

The time to file a summary judgment motion is generally "any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), unless a contrary deadline is set out in the discovery schedule, *see* Local Rule 26(a)(4)(J). In short, summary judgment is generally a post-discovery mechanism to "avoid unnecessary trials," *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969), which allows for the disposition of a case when there exists no genuine dispute as to the material facts, and thus the decision becomes a matter of law appropriate for judicial determination (without need of a jury to find the relevant facts). *See* Fed. R. Civ. P. 56(a). Also, motions for summary judgment must be based on proper factual support. To that end, the Federal Rules of Civil Procedure require that affidavits or declarations filed in support of a

motion for summary judgment "must be made on personal knowledge, [must] set out facts that would be admissible in evidence, and [must] show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). *Pro se* litigants are not exempt from complying with these procedural rules. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

In this case, discovery is not only incomplete; it has not even commenced. Therefore, the pending Motions for Summary Judgment (Docs. 6, 10) are premature and should be DENIED without prejudice. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) ("[S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof."); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment granted "before any discovery had taken place").

Similarly, the court should deny Plaintiffs' unsigned Motion to Resolve Undisputed Facts. The court's Local Rules require that a summary judgment motion be supported by a Statement of Undisputed Facts. *See* L.R. 56(a). However, until a summary judgment motion is properly before the court, any such statement of facts is premature. Because Plaintiffs' summary judgment motions are themselves premature, the Motion to Resolve Undisputed Facts (Doc. 5) should be DENIED without prejudice.

**II.     Plaintiffs' Future Filings Must Follow The Applicable Procedural Rules.**

Plaintiffs are advised that their future filings must comply with the procedural rules.  As discussed below, Plaintiffs made several procedural errors regarding the motions under review.

First, the Motion to Resolve Undisputed Facts was not signed by either Plaintiff, and the second Motion for Summary Judgment was signed by Mr. Morales alone.  All motions *must* be signed: Rule 11(a) of the Federal Rules of Civil Procedure requires that every motion be signed by either an attorney representing a party, or, relevant here, a party representing himself.  This rule further requires that an unsigned motion be struck unless the omission is promptly corrected after being called to the party's attention.  While *pro se* pleadings are to be construed liberally, *pro se* litigants are not completely relieved of adherence to all rules of procedure.  *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461-63 (N.D.N.Y. 2009) ("when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended") (quotation omitted).  Therefore, Plaintiffs are advised that their future motions must be signed by one or both of them, depending on which Plaintiff is seeking relief.

Compounding the confusion here, Mr. Morales appears to filing papers on behalf of himself *and* Mr. Casey.  Plaintiffs are advised that a *pro se* party may represent only himself and no other litigant in the action.  *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).  Thus Mr. Morales cannot represent the interests of Mr. Casey in this action.

Next, Mr. Morales has filed numerous supplemental documents, asking the court to put these documents and their attachments "into evidence." (Docs. 13, 15.) At this early stage in the case, the place for factual allegations—all factual allegations—is in the complaint. The place for legal arguments, on the other hand, is in motions filed subsequent to the complaint. These motions may incorporate relevant facts from the complaint by reference thereto. *See Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 219-20 (N.D.N.Y. 2008) (noting difficulties that arise when new factual allegations are made in responsive motions filed during the litigation). Although *pro se* filings are construed liberally, the mere submission of documents filed independently from the complaint does not supplement the complaint. Plaintiffs must seek leave of court to amend the complaint if they wish to add factual allegations to their claims.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a filing "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court should grant leave to amend a complaint "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281-82 (S.D.N.Y. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because an amended complaint would *completely* replace the original complaint, if Plaintiffs choose to file an amended complaint, it must include *all* claims and relief sought; and in addition, must name all defendants against whom relief is sought. *See Int'l Controls Corp. v. Vesco*, 556 F.2d

665, 668 (2d Cir. 1977). Moreover, the amended complaint must comport with the Federal Rules of Civil Procedure, including Rule 8, which requires that the complaint set forth short and plain statements of each claim; and Rule 10, which requires that these claims be listed in numbered paragraphs. Also noteworthy, Rule 15 of the Local Rules of Civil Procedure for the District of Vermont requires that an application to file an amended complaint must include: (1) "a redlined version of the proposed amendment clearly designating additions and deletions"; and (2) "a non-redlined reproduction of the entire amended filing." L.R. 15(a)(1) and (2).

## Conclusion

Based on the foregoing, I recommend that Plaintiffs' Motion to Resolve Undisputed Facts (Doc. 5), Plaintiffs' Motion for Summary Judgment (Doc. 6), and Plaintiff Morales's Motion for Summary Judgment (Doc. 10), all be DENIED WITHOUT PREJUDICE.

Dated at Burlington, in the District of Vermont, this 30th day of January, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).