U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 FEB 25 PM 3:08

CLERK
BY ~PC~
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

SHANE EDWARD CASEY and )
MARTIN DEMETRIO MORALES, )
)
Plaintiffs, )
)
v. ) Case No. 5:12-cv-284
)
ANDREW PALLITO, et al., )
)
Defendants. )

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 5, 6, 10, 17, 32 & 34)

This matter came before the court for a review of the Magistrate Judge's January 30, 2013 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 17), in response to Plaintiffs' Motion to Resolve Undisputed Facts (Doc. 5), Motion for Summary Judgment by Plaintiff Casey (Doc. 6), and Motion for Summary Judgment by Plaintiff Morales (Doc. 10). Plaintiffs object to the R & R although they do not claim actual errors in the Magistrate Judge's conclusions. *See* Docs. 32 & 34. Instead, they reiterate the allegations of misconduct that form the basis of their Complaint and explain the manner in which documents in this case have been filed. They also request time to correspond with one another and an "an opportunity to correct, modify, or resubmit any documents currently filed at the proper time and in the proper format[.]" (Doc. 32 at 3.) As Plaintiffs point out, the Vermont Department of Corrections has only recently granted them permission to have contact regarding legal matters. Plaintiffs request that, "[i]f the court should decide to only grant leave to amend the complaint[,]" they be offered an alternative to filing a redline complaint, citing obstacles to their ability to comply with the Local Rules. *Id.* Defendants have not responded to Plaintiffs' objections.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, "the [c]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir), *cert denied*, 419 U.S. 879 (1974).

In his six page R & R, the Magistrate Judge recommended that Plaintiffs' motions for summary judgment and related motions be denied because discovery had not yet taken place and thus the undisputed facts that may give rise to summary judgment had not yet been established. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) ("[S]ummary judgment should only be granted 'if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.'") (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment granted "before any discovery had taken place"). Accordingly, *sua sponte*, the Magistrate Judge determined that Plaintiffs' motions were filed prematurely and that dismissal without prejudice to refile the motions was warranted.

Although a pre-discovery motion for summary judgment is not prohibited, courts generally refrain from deciding these case-dispositive motions if a party asserts that he or she had been deprived of an opportunity to discover the underlying facts or respond to them. Here, the motion for summary judgment and related motions were filed with

2

Plaintiffs' Complaint so no discovery has taken place. The court agrees that, in this particular case, where Plaintiffs concede that they have faced obstacles in filing motions that reflect their joint input and which are signed by both of them, dismissal of those motions without prejudice on the grounds that they were filed prematurely is appropriate.

In their Objection to the R & R, Plaintiffs have requested an opportunity to correct or resubmit any filing improperly filed. This request is hereby GRANTED. In addition, Plaintiffs have asked if they may file an amended complaint without a redlined copy. *See* Local Rule 15(a)(1) (requiring "a redlined version of the proposed amendment clearly designating additions and deletions[.]"). This request is also hereby GRANTED, provided that any amended complaint filed by Plaintiffs consists of numbered paragraphs containing short and plain factual allegations, a short and plain statement of each legal claim Plaintiffs assert, and a clear and concise statement of the relief requested. The Magistrate Judge did not recommend dismissal of Plaintiffs' Complaint, and this court agrees that dismissal is not required. Accordingly, an amended complaint is not required to proceed.

The court does not adopt the Magistrate Judge's remaining recommendations regarding court procedures and filing requirements as those recommendations speak for themselves and need not be addressed in order to respond to Plaintiffs' Objections.

The court agrees with the Magistrate Judge's conclusion and hereby ADOPTS IN PART the R & R as the Opinion and Order of this court, and DISMISSES without prejudice Plaintiffs' Motions for Summary Judgment and Motion to Resolve Undisputed Facts.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 25th day of February, 2013.

Christina Reiss, Chief Judge
United States District Court