UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Shane Edward Casey and
Martin Demetrio Morales,

      Plaintiffs,

           v.                                    Civil Action No. 5:12-cv-284

Andrew Pallito et al.,

      Defendants.

## REPORT AND RECOMMENDATION
(Doc. 85)

Plaintiffs Shane Edward Casey and Martin Demetrio Morales[1] commenced this action *pro se* against Defendants Vermont Department of Corrections ("DOC") and various other DOC officials alleging that Defendants have violated their Constitutional Rights. (Doc. 4.) Plaintiffs filed a Motion to Resolve Undisputed Facts (Doc. 5) and a Motion for Summary Judgment (Doc. 6) with their Complaint. On that same date, a second Motion for Summary Judgment signed only by Morales was filed. (Doc. 10.) On February 13, 2013, Chief United States District Judge Christina Reiss adopted, in part, a Report and Recommendation which recommended dismissal without prejudice of Plaintiffs' Motion for Summary Judgment and Motion to Resolve Undisputed Facts, and Morales's Motion for Summary Judgment because the Motions were premature. (Doc.

---

[1] On April 15, 2013, the Court dismissed Morales from the case by stipulation. (Doc. 51.)

46.) Presently under consideration is a third Motion for Summary Judgment filed by Casey. (Doc. 85.)

For the reasons stated below, I recommend that the Motion be denied without prejudice, as it is premature.

I.     **The Pending Motion is Premature**

The purpose of summary judgment is to allow for disposition of a case, "after adequate time for discovery," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), when the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of a factual dispute. *See Nat'l Bank of N. America v. Quest*, 425 F. Supp. 186, 189 (E.D.N.Y. 1977) (citing *Adickes v. Kress & Co.*, 398 U.S. 144, 157 (1970)).

The time to file a summary judgment motion is generally "any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), unless a contrary deadline is set out in the discovery schedule, *see* Local Rule 26(a)(4)(J). In short, summary judgment is generally a post-discovery mechanism to "avoid unnecessary trials," *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969), which allows for the disposition of a case when there exists no genuine dispute as to the material facts, and thus the decision becomes a matter of law appropriate for judicial determination (without need of a jury to find the relevant facts). *See* Fed. R. Civ. P. 56(a). Also, motions for summary judgment must be based on proper factual support. To that end, the Federal Rules of Civil Procedure require that affidavits or declarations filed in support of a

motion for summary judgment "must be made on personal knowledge, [must] set out facts that would be admissible in evidence, and [must] show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). *Pro se* litigants are not exempt from complying with these procedural rules. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Casey's pending Motion for Summary Judgment (Doc. 85) suffers virtually the same deficiencies as Plaintiffs' first Motion for Summary Judgment (Doc. 6.) Although much as transpired by way of motion practice, discovery is yet to commence. Therefore, the pending Motion for Summary Judgment is premature and should be DENIED without prejudice. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) ("[S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.") (internal quotation marks omitted); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment granted "before any discovery had taken place").

## CONCLUSION

Based on the foregoing, I recommend that Plaintiff's Motion for Summary Judgment (Doc.85) be DENIED WITHOUT PREJUDICE.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2014.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge

3

4

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).